#25287-r-JKM

**2010 SD 17**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

STATE OF SOUTH DAKOTA,                          Plaintiff and Appellee,

v.

GARY J. PODZIMEK,                          Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
BON HOMME COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE GLEN W. ENG
Judge

\* \* \* \*

MARTY J. JACKLEY
Attorney General

GARY CAMPBELL
Assistant Attorney General
Pierre, South Dakota                          Attorneys for plaintiff
                                             and appellee.


CHRIS A. NIPE of
Larson and Nipe
Mitchell, South Dakota                          Attorneys for defendant
                                             and appellant.

\* \* \* \*

CONSIDERED ON BRIEFS
ON JANUARY 11, 2010

OPINION FILED **02/24/10**

#25287

MEIERHENRY, Justice

[¶1.] After Gary J. Podzimek defaulted on a loan to the Community Bank of Avon (Bank), the State charged him with grand theft for violating SDCL 22-30A-3. Podzimek claimed that the State failed to prove the elements of the crime and moved for a directed verdict. The circuit court denied the motion and submitted the case to the jury. The jury found Podzimek guilty of grand theft by deception. Podzimek appeals.

## FACTS AND BACKGROUND

[¶2.] Podzimek owned and operated a vehicle repair business in Tripp, South Dakota, from the late 1970s until 2006. In approximately 1980, Podzimek began a business relationship with the Bank. Several years later, the Bank began providing Podzimek with a business loan so he could keep an inventory of used cars to sell. As security for its loan, the Bank had Podzimek sign a note and security agreement giving it an interest in the vehicles Podzimek kept in his inventory. Under this agreement, the Bank would inspect Podzimek's lot twice a year to verify inventory. Podzimek was also required to provide a list of inventory that was to include the vehicles on the lot and the parts associated with the repair business. The Bank and Podzimek maintained a working relationship under this arrangement for approximately eleven years.

[¶3.] In 2005, Podzimek's business began to experience difficulties. In June 2005, Podzimek signed his last note to the Bank renewing the obligation he previously owed for the loans that remained outstanding. Podzimek did not receive any additional money when renewing his obligation. In October 2005, the last

semiannual site inspection took place, and nineteen vehicles were counted in inventory. This count matched the inventory total provided by Podzimek. Communication began to break down between Podzimek and the Bank, however, as Podzimek struggled to make payments on his loan. The Bank's attempts to communicate with Podzimek to negotiate a resolution were not successful. Eventually, Podzimek's loans became delinquent.

[¶4.] In March 2006, the Bank initiated civil proceedings against Podzimek. In May 2006, the Bank won a civil judgment for the amount Podzimek owed on the loan. In August 2006, the Bank carried out a levy on Podzimek's business. Upon inspecting the assets, the Bank found six vehicles in inventory. The other vehicles that appeared on the October 2005 inventory could not be located. Subsequently, the State charged Podzimek with theft by deception under SDCL 22-30A-3 based on the unaccounted for vehicles. At trial, Podzimek made a motion for a directed verdict at the conclusion of the State's case-in-chief and again at the end of his case-in-chief. Podzimek claimed that to "constitute the crime of grand theft, no matter what the theory, as the Indictment indicates, it has to be property of another." Podzimek argued the State failed to show that he took the property of another as defined by SDCL 22-1-2(36). The circuit court denied both motions, and Podzimek was found guilty of grand theft by deception. Podzimek appeals.

## ISSUE

[¶5.] The issue before this Court is whether the circuit court erred by denying Podzimek's motions for a directed verdict when the State did not prove that he obtained the property of another.

## STANDARD OF REVIEW

[¶6.]        The standard of review for a circuit court's ruling on a motion for a

judgment of acquittal, formerly referred to as a motion for a directed verdict,[1] is

well-settled:

> The denial of a motion for judgment of acquittal presents a
> question of law, and thus our review is de novo. We must decide
> anew whether the evidence was sufficient to sustain a
> conviction. In measuring evidentiary sufficiency, we ask
> "whether, after viewing the evidence in the light most favorable
> to the prosecution, any rational trier of fact could have found the
> essential elements of the crime beyond a reasonable doubt."

State v. Klaudt, 2009 SD 71, ¶14, 772 NW2d 117, 122 (citing State v. Tofani, 2006

SD 63, ¶24, 719 NW2d 391, 398 (quoting State v. Disanto, 2004 SD 112, ¶14, 688

NW2d 201, 206)) (internal citations omitted).

## ANALYSIS

[¶7.]        The State charged Podzimek with theft by deception. SDCL 22-30A-3

defines theft by deception, in relevant part, as follows:

---

1.     Motions for a directed verdict have been abolished in South Dakota. SDCL
       23A-23-1 provides:

> Motions for directed verdict are abolished and motions for
> judgment of acquittal shall be used in their place. A court on
> motion of a defendant or on its own motion shall order the entry
> of judgment of acquittal of one or more offenses charged in an
> indictment or information after the evidence on either side is
> closed, if the evidence is insufficient to sustain a conviction of
> the offense or offenses. If a defendant's motion for judgment of
> acquittal at the close of the evidence offered by the prosecuting
> attorney is not granted, the defendant may offer evidence
> without having reserved the right.

> For purposes of this appeal, Podzimek's motions for a directed verdict will be
> treated as motions for a judgment of acquittal.

> Any person who obtains *property of another* by deception is guilty of theft. A person deceives if, with intent to defraud, that person:
>
> (1) Creates or reinforces a false impression, including false impressions as to law, value, intention, or other state of mind. However, as to a person's intention to perform a promise, deception may not be inferred from the fact alone that that person did not subsequently perform the promise; . . .
>
> (3) Fails to correct a false impression which the deceiver previously created or reinforced, or which the deceiver knows to be influencing another to whom the deceiver stands in a fiduciary or confidential relationship;

(Emphasis added). "Property of another" is defined by SDCL 22-1-2(36) and requires more than a security interest in property for it to be considered that of another. The definition provides:

> [P]roperty in which any person other than the actor has an interest upon which the actor is not privileged to infringe, regardless of the fact that the actor also has an interest in the property and regardless of the fact that the other person might be precluded from civil recovery because the property was used in an unlawful transaction or was subject to forfeiture as contraband. *Property in possession of an actor may not be deemed property of another who has only a security interest therein, even if legal title is in the creditor pursuant to a conditional sales contract or other security agreement*[.]

*Id.* (emphasis added). Podzimek contends the State failed to show that the Bank had anything more than a security interest in the property he allegedly obtained by deception. Consequently, Podzimek argues he could not have been guilty of the crime charged.

[¶8.] Podzimek was indicted for violating SDCL 22-30A-3(1) or (3). The indictment read as follows:

> That on or about the 22nd of May, 2006, in the County of Bon Homme, State of South Dakota, Gary J. Podzimek did,

-4-

obtain property of another by deception. Gary J. Podzimek did deceive Community Bank of Avon by creating or enforcing a false impression, including false impression to law, value, intention or other state of mind. However, as to a person's intention to perform a promise, deception may not be inferred from the fact alone that person did not subsequently perform the promise. Or, in the alternative, that Gary J. Podzimek did fail to correct a false impression made to Community Bank of Avon, South Dakota which Gary J. Podzimek previously created or reinforced, or which Gary J. Podzimek knew to be influencing another to whom Gary J. Podzimek stood in a fiduciary or confidential relationship.

Specifically, Gary J. Podzimek did defraud Community Bank of Avon, South Dakota by disposing of, concealing or removing certain motor vehicles that were the subject of a promissory note and chattel mortgage. Said vehicles are as follow, to wit:

2004 Chevy 4x4 VIN# 0222, 2003 Chevy 4x4 VIN# 8005, 2001 Chevy 4x4 VIN# 4486, 2001 Chevy 4x4 VIN# 8351, 2001 GMC 4x4 VIN# 8576, 2000 Pont GP VIN# 5622, 1997 Chevy 4x4 VIN# 6547, 2003 Yamaha 4x4 ATV VIN# 5644, 1996 Chevy 4x4 VIN# 0698, 2004 Yamaha 4x4 ATV VIN# 5833, 1994 Ford 4x4 VIN# 3254, 1997 Ford 4x4 VIN# 8912, 1997 Chevy 4x4 VIN# 5564, 1999 Ford 4x4 VIN# 1034.

[¶9.] The indictment specifically identified the property Podzimek allegedly "dispos[ed] of, conceal[ed] or remove[d]" as the vehicles missing from Podzimek's inventory.[2] The indictment did not allege that the vehicles were the Bank's property, only that the vehicles "were the subject of a promissory note and chattel mortgage." The State presented no evidence that the Bank had anything more than a security interest in the vehicles. In fact, the security agreement Podzimek had with the Bank stated that he would "own all of the property" acquired using the money he was loaned. As a result, Podzimek could not have been found guilty of

---

2.   Podzimek's possession of the vehicles' titles is not relevant for purposes of this appeal as SDCL 22-1-2(36) specifically excludes this fact and renders it immaterial.

-5-

violating SDCL 22-30A-3 as a matter of law because he had not "obtain[ed] the property of another."

[¶10.]     The State, however, maintained throughout trial and on appeal that the "secured" vehicles were not the property obtained by the alleged theft. Rather, the State argued that "unrepaid money, not the vehicles themselves" was the crux of the crime charged. To support its position, the State argued that "it's not all about the vehicles. The issue here [ ] has to do with where the proceeds from the sale of these vehicles was remitted." The State appears to be arguing that the proceeds from the sale of the secured vehicles were the Bank's property. The State, however, failed to show how the proceeds could be characterized as the Bank's property.

[¶11.]     The only interest the Bank could have had in the proceeds was the security interest it claimed attached. The proceeds were the money that Podzimek used to pay other bills in an attempt to keep his business viable. The fact that he did not use the proceeds to repay the Bank loan does not make the proceeds the Bank's money. Additionally, the proceeds in this case were also subject to SDCL 22-1-2(36)'s definition of "property of another." The Bank argues that the proceeds obtained by Podzimek were subject to its security interest. However, the security interest was the Bank's only basis for asserting ownership. Therefore, the "property of another" requirement of SDCL 22-30A-3 could not have been met by the State. See SDCL 22-1-2(36) ("Property in possession of an actor may not be deemed property of another who has only a security interest therein, even if legal title is in the creditor pursuant to a conditional sales contract or other security agreement.").

As a result, the distinction between "property" and "proceeds" is not relevant, and the conviction fails under either theory.

[¶12.] Additionally, the State's argument that this case is about the "unrepaid money" and not the vehicles rings hollow. The indictment filed by the State specifically charged that Podzimek "defraud[ed] the Community Bank of Avon, South Dakota by disposing of, concealing or removing *certain motor vehicles*[.]" (Emphasis added). The wording of the indictment belies the State's contention that this case was about proceeds or money because it explicitly listed "motor vehicles" as the basis for grand theft. The State specified the vehicles' years, makes, and portions of their VIN numbers in the indictment. The State was bound by the indictment's charge that the theft consisted of "motor vehicles" that were disposed of, concealed, or removed. The State's shift in focus, at trial and on appeal, to the unpaid loan payments as the object of the theft, rather then the secured vehicles, cannot save the conviction because neither the vehicles nor their proceeds can be considered the Bank's property under the facts of this case.

[¶13.] At best, the Bank held a security interest in the vehicles. SDCL 44-1-12 specifically criminalizes the "[d]estruction, disposal, or removal of personal property subject to [a] security interest." SDCL 44-1-12 provides that:

> Any mortgagor or grantor of a security interest or other lien of personal property who, while the lien of his mortgage, conditional sales agreement, or security agreement remains in force and unsatisfied, willfully destroys, conceals, sells, or in any manner disposes of or materially injures any part of the property covered by such mortgage, conditional sales agreement, or security agreement without the written consent of the holder of such mortgage, conditional sales agreement, or security agreement, or who willfully abandons the property covered by such mortgage, conditional sales agreement, or security

agreement without first giving written notice to such secured party of his intention to abandon such property, or who removes any part of the property covered by such mortgage, conditional sales agreement, or security agreement from the county in which such mortgage, conditional sales agreement, or security agreement is filed except temporarily in accordance with the usual and customary use of the same or similar kinds of property while the lien of his mortgage, conditional sales agreement, or security agreement remains in force and unsatisfied without the written consent of the holder of such mortgage, conditional sales agreement, or security agreement, is guilty of a Class 6 felony.

The State, however, did not charge Podzimek under SDCL 44-1-12. Instead, the State charged Podzimek under SDCL 22-30A-3. As a result, it was required to show that the Bank held more than a security interest in the property.

[¶14.] The State failed to provide evidence that either the vehicles or the proceeds were the Bank's property. Therefore, Podzimek could not have been found guilty under SDCL 22-30A-3(1) or (3). Consequently, the circuit court erred by not granting Podzimek's motion for a judgment of acquittal.[3]

---

3. Even though we need not reach the issue of whether the State presented sufficient evidence of theft by deception pursuant to SDCL 22-30A-3(3), we note it briefly. The State claimed that Podzimek owed the Bank a fiduciary duty because "the agreement between [Podzimek] and the Bank reversed the usual role of bank and borrower." This contention was premised on, among other factors, Podzimek's possession of the vehicles' titles that would have normally been retained by a bank under an inventory loan.

We have noted that "[a] fiduciary relationship requires one to have, in addition to confidence of the one in the other, the existence of a certain inequality, dependence, weakness of age, of mental strength, business intelligence, knowledge of the facts involved, or other conditions, giving to one advantage over the other." Cole v. Wellmark of S.D., Inc., 2009 SD 108, ¶46, 776 NW2d 240, 253-54 (citing Garrett v. BankWest, Inc., 459 NW2d 833, 838 (SD 1990) (quoting Yuster v. Keefe, 46 IndApp 460, 466, 90 NE 920 (1910))) (quotations omitted). The State presents no authority to support its position that "the Bank was thus at [Podzimek's] mercy, and Podzimek

(continued . . .)

#25287

[¶15.]     We reverse.

[¶16.]     GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and

SEVERSON, Justices, concur.

_____

(. . . continued)

 violated that trust." The Bank permitted Podzimek to retain the titles to the
vehicles on his lot as part of the agreement accompanying the loan the Bank
chose to give him.

 The Bank was not subject to Podzimek's superior business position, or any
other relevant factor demonstrating a discrepancy in bargaining power,
thereby indicating a fiduciary relationship existed. Moreover, the record
demonstrates that the Bank sold Podzimek's property after he defaulted on
his loan. The Bank auctioned Podzimek's home, tools, and inventory to help
satisfy his obligation. These facts stand in stark contrast to the State's
argument that Podzimek had a business advantage over the Bank. To the
contrary, the Bank was not dependent on Podzimek, did not have inferior
business intelligence, or lack knowledge giving Podzimek an unfair
advantage. The State's argument of the existence of a role reversal resulting
in a fiduciary relationship is without merit. The circuit court erred by
allowing the charge to go to the jury.